Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2020-Dec-31 16:19:17
23CV-21-1
C20D03 : 5 Pages

# IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
## _____ DIVISION

**SHARLLETTE BERRY**                          **PLAINTIFF**

**VS.**                **CASE NO. 23CV-20-_____**

**CAPELLA UNIVERSITY**                       **DEFENDANT**

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now SHARLLETTE BERRY, hereinafter sometimes referred to as the Plaintiff, by and through her attorney, Tabatha Branch of TS Branch Law Firm PLLC, and files this Complaint complaining of CAPELLA UNIVERSITY, hereinafter sometimes referred to as the Defendant. The Plaintiff would show the Court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Sharllette Berry is an individual and resident of Conway, Faulkner County, Arkansas.

2. Defendant, CAPELLA UNIVERSITY is a foreign corporation organized and existing under the laws of the State of Minnesota and doing business in Faulkner County, Arkansas. Defendant may be served at 225 South 6th Street, 9th Floor, Minneapolis, MN 55402.

3. The subject matter in controversy is within the jurisdictional limits of this court.

4. This cause of action concerns an education plan that was entered into by Plaintiff and Defendant in Faulkner County, Arkansas and, therefore, venue and jurisdiction is proper in this Court.

## FACTS

5. In the Spring Quarter of 2010, Plaintiff enrolled at Capella University pursuing a PhD in Psychology with a specialization in Industrial/Organizational Psychology. At the time admission, Plaintiff was made promises as to the time allocated to complete her degree. (See Exhibit A).

6. At the time of Plaintiff's enrollment, the PhD in Psychology program requires completion of a series of courses and residencies, followed by a comprehensive examination. Upon successful complete of that exam, the program culminates with dissertation component. To complete the dissertation, and earn the PhD degree, enrollees develop and undertake an independent scholarly research project of scientific merit, and then craft a dissertation manuscript worthy of academic publication concerning their research.

7. Plaintiff completed all of her coursework of the PhD in Psychology program in Winter Quarter 2014 and passed her comprehensive examination the next academic period. Plaintiff commenced dissertation efforts in Summer Quarter 2014. Over the next several quarters, Plaintiff developed and earned academic approval of her dissertation topic and research plan.

8. As of June 2018, certain representatives of Capella made her education contract impracticable to perform pursuant to the university policies regarding time requirements for obtaining a Ph.D. in Psychology. These representatives often behaved negligently, and did not act in good faith and with fair dealing in the enforcement of Plaintiff's education contract. As such, these individuals have prevented Plaintiff from fulfilling her contractual obligations; because of this, have now cancelled her enrollment at Capella University.

9. This cause arises out of the Defendant's fraud/misrepresentation and violations of statutes, as hereinafter set forth.

## FRAUD/MISREPRESENTATION

10. Plaintiff refers to all the preceding and subsequent allegations contained in this Complaint and incorporate them herein by this reference for all purposes.

11. Defendant informed the Plaintiff the PhD in Psychology program required completion of a series of courses and residencies, followed by a comprehensive examination and at the end of the exam, Plaintiff would receive her PhD degree. Defendants' representations were false and misleading, and constitute a misrepresentation of material fact. Plaintiff later found out the Defendant performed the same deceptive practice on several other individuals.

12. It was the Defendant's intention in making the fraudulent representations for the purpose of getting the Plaintiffs to enter into a contract with the Defendant. That at the time the representations were made they were false or Defendant did not know if they were true or false.

13. That the representation of the Defendant was material to the Plaintiff's decision to enter into the contract with the Defendant and they relied on that representation in doing so. As a result of which they agreed to purchase the services of the Defendant and sustained the losses and damages set forth above.

14. Plaintiff was justified in relying on the Defendant's representation and the Plaintiff was damaged as a result of the misrepresentation.

15. Had Plaintiff known that the Defendant would not allow her to finish her degree, she would not have enrolled in Capella University.

16. Defendant unlawfully refused to honor Plaintiff's work and tender her degree or provide a refund of all funds paid.

## VIOLATION OF THE ARKANSAS CONSUMER PROTECTION ACT

17. Plaintiff refers to all the preceding and subsequent allegations contained in this Complaint and incorporate them herein by this reference for all purposes.

18. Plaintiff is a "person" as defined in the Arkansas Consumer Protection Act, A.C.A. § 4-88-107 and 4-88-108.

19. In the course of the transactions which are the subject of this lawsuit, Defendant engaged in following conduct:

A. making fraudulent and/or negligent representations, as herein before alleged;

B. failing to adequately and properly inform Plaintiff of his rights and remedies with respect to the transactions which are the subject of this Complaint;

C. misrepresenting Plaintiff's rights and remedies with respect to the transactions which are the subject of this Complaint, as hereinbefore alleged;

D. failing to offer a refund of the purchase price of the monies paid.

20. As a result of the Defendant's actions above, Plaintiff has suffered the damages hereinbefore set forth, and also is entitled to statutory damages and attorney fees as provided in the Arkansas Consumer Protection Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Award Plaintiff damages under her Fraud/Misrepresentation and Arkansas Consumer Protection Act claims;

2. Award Plaintiff statutory damages pursuant to her Arkansas Consumer Protection Act;

4

3. Award Plaintiff her completed degree or allow her to complete the necessary steps required to be awarded her degree;

4. Award Plaintiff costs, pre- and post- judgment interest, expenses, and reasonable attorney's fees pursuant to the Arkansas Consumer Protection Act;

5. Award Plaintiff such other relief as the court deems appropriate.

Respectfully submitted,

/s/Tabatha Branch
Tabatha Branch
Ark. Bar No. 2002155
TS BRANCH LAW FIRM, PLLC
700 S. German Lane Suite 110
Conway, Arkansas 72034
Phone: (501) 329-5555
Fax: (501) 377-9879
tsbranch@tsbranchlaw.com