# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

SHARLLETTE BERRY                                    PLAINTIFF

v.                        No. 4:21-cv-284-DPM

CAPELLA UNIVERSITY, LLC                     DEFENDANT

## ORDER

**1.** Berry enrolled at Capella University to pursue a Ph.D. in psychology in Spring 2010. She completed her coursework in the winter 2014 term, passed her comprehensive exam the next academic period, and began dissertation efforts the following summer. But, Berry wasn't able to finish her degree. She says that Capella stymied performance of her education contract, prevented her from completing her studies, and canceled her enrollment. She claims fraud, misrepresentation, and violation of the Arkansas Consumer Protection Act. Capella seeks to dismiss Berry's complaint for failure to state a claim. The Court accepts the pleaded facts as true. *Trone Health Services, Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

**2.** Berry must plead her causes of action with enough specificity to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And because she alleges common law fraud and violation of state consumer fraud statutes (the Court reads her second claim as falling under the Arkansas Deceptive Trade Practices Act, ARK. CODE

ANN. § 4-88-107), her complaint is subject to Federal Rule of Civil Procedure 9(b)'s heightened standard. She hasn't pleaded enough particulars to support the fraud claim, *Allison v. Security Benefit Life Insurance Co.*, 980 F.2d 1213, 1215–16 (8th Cir. 1992), or the ADTPA claim, *Green v. Skyline Highland Holdings LLC*, 2018 WL 3800240, at *2 (E.D. Ark. 12 June 2018). Under Rule 9(b), Capella needs more notice about what actions allegedly constituted fraud or deceptive trade practices and how they harmed Berry. Berry, though, is entitled to re-plead and try to fill the gaps. FED. R. CIV. P. 15(a)(2).

\* \* \*

Capella's motion to dismiss, *Doc. 8*, is granted. Berry's claims are dismissed without prejudice and with leave to amend. Amended complaint due by 4 June 2021. If Berry does not file a proposed amended complaint by that date, the Court will enter Judgment, dismissing the case without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

5 May 2021